# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL M. LESHINSKI, | : | No.3:18cv652 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| INTERNATIONAL ASSOCIATION OF | : | |
| SHEET METAL, AIR, RAIL AND | : | |
| TRANSPORTATION WORKERS; | : | |
| SMART TRANSPORTATION | : | |
| DIVISION; SAM NASCA; and | : | |
| STEVEN E. PARSONS, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is a motion to dismiss filed by Defendants International Association of Sheet Metal, Air, Rail and Transportation Workers, SMART Transportation Division, Sam Nasca, and Steven E. Parsons in this action alleging a breach of the labor union's duty of fair representation. The parties have briefed the pending motion, and it is ripe for disposition.

**Background**

D&H/Canadian Pacific Railway (hereinafter "CP Rail") employed Plaintiff Paul Leshinski as a conductor/engineer. (Doc. 12, Am. Compl. ¶ 9). Throughout his employment, plaintiff belonged to a labor union, the International Association of Sheet Metal, Air, Rail and Transportation Workers (SMART)–Transportation Division (hereinafter "SMART-TD"). (Id.) A collective bargaining agreement

between SMART-TD and CP Rail covered employees, including the plaintiff, in the bargaining unit. (Id. ¶ 8). SMART-TD, through two of its employees, Defendant Sam Nasca and Defendant Steven E. Parsons, represented SMART-TD union members in labor and grievance matters against CP Rail. (Id. ¶ 10).

On August 9, 2014, CP Rail asked plaintiff to provide a urine sample during a random drug and alcohol screening test. (Id. ¶ 12). The plaintiff did not produce that sample within the allotted time frame. (Id. ¶ 13). Plaintiff advised CP Rail officials that he suffered from a lifelong medical condition known to him as "shy bladder." (Id.) CP Rail's Chief Medical Officer instructed the plaintiff to undergo an examination by a medical doctor at CP Rail to ascertain whether plaintiff did in fact have a medical condition that prevented him from providing a urine sample. (Id. ¶ 16). On September 4, 2014, CP Rail's Chief Medical Officer concluded that plaintiff did not have such a medical condition. (Id. ¶ 18).

Despite the medical doctor's conclusion, the plaintiff, who was represented by his union, SMART-TD, maintained that a bona fide medical reason caused plaintiff's inability to urinate. (Id. ¶ 18). On September 16, 2014, a hearing was held regarding this issue. (Id. ¶ 19). The plaintiff advised CP Rail that he made an appointment with his own physician to challenge the conclusions of CP Rail's Chief Medical Officer. (Id. ¶ 23). This appointment, however, could not take place until September 29, 2014. (Id.)

2

On October 6, 2014, plaintiff received notice that CP Rail terminated his employment for failure to provide a urine sample with no medical evidence to support that failure. (Id. ¶ 19). Plaintiff, through Defendant SMART-TD, appealed the termination decision. (Id. ¶ 20). While waiting on the appeal, plaintiff began receiving care from Dr. Ira Grossman, a Board Certified Urologist. (Id. ¶ 24). After assessing the plaintiff's condition over a period of time, Dr. Grossman concluded that the plaintiff had an enlarged prostrate, and likely a neurogenic bladder. (Id. ¶ 24). Plaintiff underwent several medical procedures relating to this diagnosis. (Id.) In a post-operation examination on March 11, 2015, Dr. Grossman found that the plaintiff's urination issues had improved. (Id.) Plaintiff sent all of his treatment records and the conclusions of Dr. Grossman to SMART-TD on October 8, 2015, for use in his appeal. (Id. ¶ 25).

On September 27, 2017, Public Law Board No. 6473 dismissed plaintiff's appeal as untimely. (Id. ¶ 26). The Board further reasoned that the records submitted in plaintiff's appeal did not include any opposing medical documents or records of diagnoses to challenge CP Rail's medical doctor's conclusion that plaintiff did not have a medical condition related to his inability to urinate. (Id. ¶ 26). As such, plaintiff initiated this lawsuit on March 22, 2018 against Defendants SMART-TD, Sam Nasca, and Steven E. Parsons. (Doc. 1). Plaintiff filed an amended complaint on June 11, 2018. (Doc. 12). The amended complaint sets

3

forth one cause of action for breach of the duty of fair representation. On June 25, 2015, the defendants filed the instant motion to dismiss, (Doc. 14), bringing the case to its present posture.

**Legal Standard**

The defendants filed their motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, " 'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.' " Colburn v. Upper Darby Twp., 838 F.2d 663, 665–66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234–35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver

4

v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay–Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).

**Discussion**

The defendants' motion to dismiss is two-fold. First, defendants move to dismiss Defendants Sam Nasca and Steven E. Parsons. The defendants argue that union officers have no individual liability in a duty of fair representation claim, thus those defendants must be dismissed. The plaintiff does not oppose this dismissal. (Doc. 17, Br. in Opp. at 11). We agree with the plaintiff that dismissal of these two defendants is appropriate. See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 249 (1962) (explaining that Congress intended for "the union as an

entity" to be "the sole source of recovery for injury inflicted by it"). Therefore, we will dismiss Defendant Sam Nasca and Defendant Steven E. Parsons.

Second, defendants move to dismiss plaintiff's breach of the duty of fair representation claim, which forms the basis of his complaint. The defendants argue that in order to bring a breach of the duty of fair representation claim, the plaintiff must allege in his complaint: (1) that the employer's action violated the terms of the collective bargaining agreement and (2) that the union breached its duty of fair representation. The defendants do not appear to challenge whether the plaintiff has alleged that the union breached its duty of fair representation for the purposes of the instant motion to dismiss, but they do challenge whether the plaintiff has sufficiently alleged that CP Rail's actions violated the terms of the collective bargaining agreement. According to the defendants, because the plaintiff has not alleged such a violation, the court must dismiss his amended complaint.

We agree with the defendants that to recover money damages in a claim against a labor union, the plaintiff must first prove that the employer's action violated the terms of the collective bargaining agreement. See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990) ("Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages:

that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation). At this stage, however, the plaintiff must simply present enough facts to raise a reasonable expectation that discovery will reveal evidence of this element of the claim.

Here, the plaintiff alleges in his complaint that CP Rail violated the terms of the collective bargaining agreement by unfairly terminating the plaintiff's employment. Specifically, the plaintiff contends that due to plaintiff's legitimate medical condition, his termination for failure to produce urine for a mandatory drug screening violated both the Railway Labor Act and the collective bargaining agreement. (Doc. 12, Am. Compl. ¶ 42). The plaintiff avers that this improper termination would have been corrected in the grievance and appeal process if Defendant SMART-TD had properly represented the plaintiff and timely submitted his appeal and supporting medical documentation to the Board of Appeals. (Id.) Viewing these allegations of the complaint as true and in the light most favorable to the plaintiff, we find that enough facts have been presented to justify moving this case beyond the pleadings to the next stage of litigation.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss will be granted in part and denied in part. Defendants' motion will be granted as it pertains to Defendants Sam Nasca and Steve Parsons. Defendants Nasca and Parsons will be dismissed from the case. Defendants' motion will be denied as it pertains to plaintiff's breach of the duty of fair representation claim. An appropriate order follows.

**BY THE COURT:**

**Date: September 12, 2018**

**s/ James M. Munley_____
JUDGE JAMES M. MUNLEY
United States District Judge**